IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BRENDA KAY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:12-cv-00488 |
| ) | |
| PRESTIGE HEALTH CARE, d/b/a ) | |
| JEFFERSON OPERATOR, LLC, d/b/a ) | |
| JEFFERSON CITY HEALTH AND ) | |
| REHABILITATION FACITLY ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Jefferson Operator, LLC, d/b/a Jefferson City Health and Rehabilitation Center improperly named in the caption (hereinafter "Defendant"), pursuant to the Tennessee Rules of Civil Procedure, hereby files its Answer to Plaintiff's Complaint and states the following:

1. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 1 of the Complaint, and, therefore denies the same.

2. Defendant denies that it is owned by Prestige Health Care and that its principal place of business is in Jefferson City, Tennessee as alleged in paragraph 1 of the Complaint. Defendant admits that it is a successor to Kindred Nursing Centers Limited Partnership as alleged in paragraph 2 of the Complaint.

3. Defendant admits the first sentence in paragraph 3 of the Complaint, but is without sufficient information to admit or deny the remaining allegations of paragraph 3 of the Complaint, and, therefore, denies the same.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in first sentence of paragraph 10 of the Complaint, and denies the last sentence of paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. The Complaint does not contain a paragraph 13.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. The Complaint does not contain a paragraph 20.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. The Complaint does not contain a paragraph 23.

24. The Complaint does not contain a paragraph 24.

25. The Complaint does not contain a paragraph 25.

26. Defendant denies the allegations in paragraph 26 of the Complaint and further denies that Plaintiff is entitled to any relief or remedy sought in the Complaint or relief or remedy of any kind whatsoever.

27. Defendant denies the allegations in paragraph 27 of the Complaint and further denies that Plaintiff is entitled to any relief or remedy sought in the Complaint or relief or remedy of any kind whatsoever.

28. Defendant denies the allegations of the unnumbered paragraph beginning with the word "WHEREFORE," and further denies that Plaintiff is entitled to any relief or remedy of any kind whatsoever.

29. Any allegations not heretofore admitted, answered, denied, modified, or explained, are hereby denied.

## AFFIRMATIVE DEFENSES

1. In whole or part, Plaintiff's Complaint fails to state claims upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Defendant's actions were a just and proper exercise of managerial discretion, undertaken for a fair and honest reason, regulated by good faith under the circumstances then existing.

4. Defendant would have made the same employment decision notwithstanding Plaintiff's age or race.

5. Defendant at all times acted in good faith and in furtherance of their own legitimate, non-discriminatory business reasons.

6. Plaintiff's claims are barred in whole or part, because Plaintiff was not injured in the manner or extent alleged.

7. Defendant's actions were taken in good faith.

8. Defendant had a legitimate business reason for taking the employment-related actions against Plaintiff.

9. Plaintiff's claims are barred to the extent Plaintiff was not injured in the manner or extent alleged.

10. Plaintiff did not suffer any damages for which she is entitled to relief.

11. Plaintiff is not seeking punitive damages in this matter.

12. Defendant avers that this action is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

13. Defendant reserves the right to assert any and all other defenses not time-barred, as this litigation progresses.

**WHEREFORE**, **PREMISES CONSIDERED** Defendant request that this Court deny all of Plaintiff's prayers for relief, enter a judgment dismissing the Complaint with prejudice, and award Defendants its attorneys' fees, expenses, and costs of this action.

Respectfully submitted,

s/ Gregory Grisham
Gregory Grisham (TN Bar No. 013810)
JACKSON LEWIS LLP
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: gregory.grisham@jacksonlewis.com

ATTORNEYS FOR DEEFNDANT

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21st day of September, 2012, electronically filed the foregoing **Answer and Affirmative Defenses** using the Court's CM/ECF filing system, and that I have mailed a copy of the foregoing document by United States Postal Service, first-class, postage prepaid, to the following non-CM/ECF participant:

> C.E. Bud Cunningham (TN BPR No. 000015)
> 837 West First North Street
> Morristown, TN 37814
> Phone: (423) 581-2008
>
> *Attorney for Plaintiff*

> s/ Gregory Grisham
> Gregory Grisham (TN Bar No. 013810)
> JACKSON LEWIS LLP
> 999 Shady Grove Road, Suite 110
> Memphis, TN 38120
> Telephone: (901) 462-2600
> Email: gregory.grisham@jacksonlewis.com
>
> *Counsel for Defendant*

4836-8124-9297, v. 1